IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RENITA R. RUARK,              )
                              )
        Plaintiff,            )
                              )
v.                            )   Case No. CIV-13-399-RAW-KEW
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                              )
        Defendant.            )

**REPORT AND RECOMMENDATION**

Plaintiff Renita R. Ruark (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on November 4, 1962 and was 49 years old at the time of the ALJ's decision.  Claimant completed her high school education and some college.  Claimant has worked in the past as a town clerk, file clerk, and accounting clerk.  Claimant alleges an inability to work beginning October 1, 2008 due to limitations resulting from back, shoulder, and neck pain, heel spurs, migraine headaches, depression, and high blood pressure.

**Procedural History**

On December 23, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 18, 2012, Claimant appeared by video before Administrative Law Judge Frederick Gatzke ("ALJ") for an administrative hearing. On June 29, 2012, the ALJ issued an unfavorable decision. The Appeals Council declined to review the decision on July 18, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work as an accounting clerk.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to identify all of Claimant's impairments; (2) failing to find Claimant's impairments met a Listing; (3) reaching an improper RFC determination; and (4) finding Claimant can return to her past

4

relevant work.

## Step Two Analysis

In his decision, the ALJ determined Claimant suffered from the severe impairments of mild right degenerative hypertrophic arthropathy in the AC joint, degenerative disc disease of the lumbar spine, and headaches. (Tr. 12). The ALJ concluded Claimant retained the RFC to perform a full range of sedentary work. (Tr. 21). In so doing, the ALJ found Claimant could lift/carry 10 pounds occasionally and 10 pounds frequently, stand/walk for 2 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday. (Tr. 16). The ALJ found Claimant could perform her past relevant work as an accounting clerk. (Tr. 21).

Claimant first contends the ALJ failed to properly identify all of her impairments at step two. Specifically, Claimant asserts her back condition involves a disc protrusion at L4-5 with neural foraminal stenosis and disc bulge at L5-S1 in addition to degenerative disc disease. (Tr. 429). She also states that she has been diagnosed with radicular symptoms into the buttock, hip, and leg. (Tr. 403, 449, 451). Claimant further states that she has a significant history of neck pain associated with an automobile accident but concedes the record is lacking in imaging studies. Claimant also contends she suffers from a blood clotting disorder

which was diagnosed after the expiration of the insured period.

Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628–629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291–292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20

C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.
>
> 42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period

of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

Claimant attempts to demonstrate functional limitations by attaching the Medical Source Statement of Dr. Michael Wolfe dated June 12, 2012 to his brief-in-chief. The record, however, does not indicate that Claimant submitted this document to the ALJ or the Appeals Council. She has not provided any explanation for the failure to do so. Additionally, nothing in Dr. Wolfe's statement demonstrates that the limitations he found were brought about by the additional impairments which Claimant identifies. As a result, Dr. Wolfe's statement will not be considered in this appeal.

Claimant essentially requests that this Court glean a functional limitation merely because she has been diagnosed with various conditions. No evidentiary support is provided for such a finding. Therefore, this Court finds no basis for Claimant's contention of error at step two.

**Consideration of Listing 1.04**

Claimant next asserts the ALJ considered the application of Listing 1.04 "in a very perfunctory and cursory fashion with no explanation or evaluation in the text of his decision." In his decision, the ALJ stated that he agreed with the State Agency physicians that Claimant does not meet or equal any relevant listing. He then specifically stated that he reviewed Claimant's

severe impairments under the relevant listings including Listing 1.04 and independently concluded that she had no impairment or combination of impairments that meet or medically equals the requirements of any listed impairment. (Tr. 16).

The portion of Listing 1.04 which is applicable in this case states:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebra fracture), resulting in compromise of a nerve root (including cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)
>
> * * *

At step three, Claimant bears the burden of demonstrating that her condition meets or equals all of the specified criteria of the particular listing. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Claimant has failed to provide medical evidence that she suffers from nerve root compression through objective medical testing. The ALJ's express adoption of the State Agency physicians' reports concerning meeting or equaling a listing was sufficient to satisfy his obligation.

**RFC Determination**

Claimant, through a litany of sub-categories of issues, contends the ALJ failed to reach an appropriate and supported RFC. He first states that the ALJ "failed to develop the evidence properly." Claimant in a summary fashion argues that the ALJ should have ordered consultative examinations and re-contacted Claimant's physicians in order to obtain opinions on Claimant's functional limitations brought about by her impairments and conditions.

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater,

73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.

20 C.F.R. § 416.909a(2)(b).

None of these bases for ordering a consultative examination. Moreover, the regulations generally require that the adjudicators request medical source statements from acceptable medical sources with their reports. Soc. Sec. R. 96-5p. However, nothing in the regulations require the reversal and remand of a case because such statements were not obtained. Indeed, the regulations expressly state that "the absence of such a statement in a consultative examination report will not make the report incomplete." 20 C.F.R. § 404.1519n(c)(6). Therefore, the failure of the ALJ to obtain a statement from any treating physician does not constitute reversible error. Robison v. Colvin, 2013 WL 5450261, 2-3 (E.D.Okla.).

Claimant also asserts the ALJ failed to consider her back, neck, and shoulder conditions. The ALJ adequately discussed Claimant's MRI results, subjective complaints of pain in these areas, and the functional limitations that resulted. (Tr. 12-19). The ALJ's RFC considered these conditions in restricting Claimant to sedentary work. (Tr. 16). The ALJ adequately considered the totality of Claimant's identified conditions and the effect the conditions had upon her ability to engage in basic work activity.

Claimant also included the ALJ's assessment of her credibility

12

as a subset of the ALJ's RFC determination. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's

credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ evaluated Claimant's activities of daily living and her subjective complaints. (Tr. 16-21). Claimant, however, seeks to have the ALJ consider activities outside of the relevant time period some months after the expiration of the date of last insured. (Tr. 40). The ALJ noted Claimant took vacations and trips since the onset date which suggested her limitations were overstated. (Tr. 19). This Court finds no error in the ALJ's credibility analysis.

**Step Four Analysis**

Claimant contends she was not capable of performing her past relevant work as an accounting clerk. In analyzing Claimant's ability to engage in his past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). This Court has discussed the ALJ's findings on Claimant's RFC and found them to be adequate.

14

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ in this case inquired of the vocational expert as to the demands of Claimant's past relevant work. (Tr. 42). The expert testified the accounting clerk position constituted sedentary, skilled work. (Tr. 42). The ALJ fulfilled his duty in the second phase.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. The ALJ compared the RFC he determined with the requirements of Claimant's past relevant work as an accounting clerk and found that she could perform the work with her limitations. The ALJ also satisfied his required obligation in assessing this third phase. No error is found in the ALJ's step four determination.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security

Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 3rd day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE